UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE

MARK MASON,  )
  )
    Plaintiff,  )
  )
v.  )  **Case No.:**
  )
I.C. SYSTEM, INC.,  )  **COMPLAINT AND DEMAND FOR**
  )  **JURY TRIAL**
    Defendant.  )
  )  **(Unlawful Debt Collection Practices)**
  )

    MARK MASON, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against I.C. SYSTEM, INC.("Defendant"):

**INTRODUCTION**

    1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

**JURISDICTION AND VENUE**

    2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

    3.    Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

    4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Germantown Tennessee.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 444 Highway 96 East, St. Paul, Minnesota 55164.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were for personal, family, or household purposes, as plaintiff did not have any business or commercial debt

12. During the time period between June 2014 and September 2014, Defendant's collectors placed continuous, repetitive and harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

13. Plaintiff received, on average, at least one to two calls per day.

14. These calls originated from numbers including, but not limited to (208) 515-7484. The undersigned has confirmed that these numbers belong to Defendant.

15. These repeated calls were part of a pattern intended to harass, annoy and coerce Plaintiff into paying the alleged debt.

16. Defendant has also called Plaintiff prior to 8:00am. Specifically, Defendant called Plaintiff at 7:10am on September 18, 2014.

17. Defendant used a pre-recorded or artificial voice to initiate these calls to Plaintiff.

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. Defendant did not consult with its client at any time before making calls to Plaintiff to determine if there was express consent to call his telephone.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

21. Over the period that Defendant was contacting Plaintiff, Defendant called Plaintiff dozens of times on his telephone using a pre-recorded or automated message.

22. Further, Defendant has not sent any written correspondence to Plaintiff, regarding the underlying debt, or informing Plaintiff of his rights under the FDCPA.

23. Defendant's conduct as described herein was made with the intent annoy, harass, and coerce payment for an alleged debt.

## RESPONDEAT SUPERIOR LIABILITY

24. The acts and omissions of debt collectors employed by Defendant and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principle, the Defendant.

25. The acts and omissions by the debt collectors were incidental to, or of some general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principle, the Defendant.

27. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect the alleged debts from Plaintiff

### COUNT I
### DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it made repeated calls to Plaintiff's cellular telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to informed that the debt was being disputed and requested to cease these calls.

### COUNT II
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

32. Defendant violated § 1692f of the FDCPA when it made repeated calls to

Plaintiff's cellular telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to informed that the debt was being disputed and requested to cease these calls, when it failed to send written notice to the Plaintiff as required by the FDCPA within five days of its initial contact with Plaintiff, and when it used other unfair or unconscionable means to collect the alleged debt

## COUNT III
### DEFENDANT VIOLATED § 1692g(a) OF THE FAIR DEBT COLLECTION PRACTICES ACT

33.   Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

34.   Defendant violated § 1692g(a) of the FDCPA when it failed to send written notice to the Plaintiff as required by the FDCPA within five days of its initial contact with Plaintiff.

## COUNT IV
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FAIR DEBT COLLECTION PRACTICES ACT

35.   Section 1692c(a)(1) of the FDCPA states that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the

5

PLAINTIFF'S COMPLAINT

consumer's location.

36.  Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff prior to 8:00am.

## COUNT V
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

37.  Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

38.  Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

39.  Despite the fact that Plaintiff never consented to Defendant making calls to his cellular telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

40.  The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

41.  Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's telephone, using a pre-recorded or artificial voice in violation of 47 U.S.C. Section 227(b)(1)(B).

42.  Defendant called Plaintiff on his telephone dozens of times.

43.  Defendant did not have Plaintiff's express consent prior to contacting him on his telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

44. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a home telephone service.

WHEREFORE, Plaintiff, MARK MASON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff MARK MASON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 10/24/2014    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com
Attorney for Plaintiff